UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MONA MALHOTRA,<br><br>    Plaintiff,<br><br>v.<br><br>BHAVANA ATTI JANAKIRAM,<br><br>    Defendant. | Case No. 23–cv–21599–ESK–SAK<br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on defendant Bhavana Atti Janakiram's motion to dismiss (Motion) (ECF No. 13) plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth, defendant's Motion is **DENIED without prejudice** and the case is **TRANSFERRED** to the Northern District of Illinois for further proceedings.

## BACKGROUND[1]

### I.   FACTS

    This dispute arises out of the termination of *pro se* plaintiff Mona Malhotra from her job at CVS Health (CVS). According to the complaint, Malhotra, a resident of Illinois, began working at CVS in 2016. (ECF No. 1, Compl. ¶¶2, 6.) Over the ensuing years, Malhotra rose through the ranks and was on track to become a senior manager until the arrival of a new supervisor, defendant Janakiram, around January 2022. (*Id.* ¶¶7–10.) Janakiram

---

[1] The Court recites only those facts and procedural events necessary to resolve the Motion.

supervised Malhotra remotely from Janakiram's residence in New Jersey. (*See* ECF Nos. 36, 41 p.1.)  Janakiram allegedly created a hostile work environment for Malhotra, which prompted Malhotra to file an HR complaint. (Compl. ¶¶11–13, 15.)  Malhotra alleges that in retaliation for the HR complaint, Janakiram engineered her termination by forging two documents—a corrective action plan and subsequently a termination form.  (*Id.* ¶¶16–19, Exs. A, B.)

Malhotra brings three causes of action against Janakiram: (1) defamation *per se*; (2) forgery; and (3) intentional infliction of emotional distress.  (Compl. ¶¶20–41.)  Malhotra seeks as relief $100,000 in compensatory damages and $250,000 in punitive damages, as well as court costs and other expenses.  (*Id.* ¶42.)

## II.   PROCEDURAL HISTORY

Plaintiff filed her complaint on October 30, 2023.  After receiving two extensions of time to respond to the complaint, (minute entry after ECF No. 8; ECF No. 12), defendant on January 5, 2024, filed the present Motion and a corresponding brief.  (ECF No. 13–1.)  Plaintiff opposed the Motion in a brief on January 8, 2024, (ECF No. 15), and then again, with permission of the Court, in a supplementary letter on January 15, 2024. (ECF Nos. 17, 18.) Defendant replied in a brief on January 29, 2024.  (ECF No. 19.)  Following defendant's reply, plaintiff requested permission to file additional briefing, which the Court denied.  (ECF Nos. 20, 22, 23).  The matter was reassigned to me on March 28, 2024.

On July 15, 2024, I held a conference with the parties to discuss diversity jurisdiction, venue, and choice of law issues.  (ECF Nos. 34, 39.)  At that conference, counsel for defendant informed me that plaintiff had initiated a separate lawsuit against CVS in the Northern District of Illinois.  *See Malhotra v. CVS Health, Inc.*, Civ. No. 23-15429 (N.D. Ill. Oct. 29, 2023)

[hereinafter *CVS Health*]. The complaint in that case was filed on October 29, 2023—one day prior to the complaint in the case before me. *Id*. (ECF No. 1). At my direction, plaintiff filed a supplemental brief on the issues of venue and choice of law on July 18, 2024. (ECF No. 41.) Defendant did the same on July 29, 2024. (ECF No. 42.)

## **LEGAL STANDARD**

The first-to-file rule, also known as the first-filed rule, is "a comity-based rule that states when two substantially similar lawsuits are filed in different federal district courts with jurisdiction, there is a presumption that the court in which the case was filed first should hear both lawsuits except in special circumstance[s]." *MLI RX, LLC v. GlaxoSmithKline LLC*, Civ. No. 23-429, 2023 WL 3739064, at *3 (E.D. Pa. May 30, 2023); *see also Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941) ("In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it."); *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990) (rule permits "trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases … in different federal district courts."). "The letter and spirit of the first-filed rule … are grounded on equitable principles" and "the rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *Univ. of Pennsylvania*, 850 F.2d at 977.

The first-to-file rule applies "where actions are truly duplicative such that a determination in one action leaves little or nothing to be determined in the other." *Nat'l Cas. Co. v. Hertz Equip. Rental Corp.*, Civ. No. 12-5048, 2013 WL 2242653, at *1 n.4 (D.N.J. May 21, 2013). However, the issues and parties involved need not be identical. *Maximum Human Performance, Inc. v. Dymatize Enters., Inc.*, Civ. No. 09-235, 2009 WL 2778104, at *3 (D.N.J. Aug. 27, 2009), *report and recommendation adopted by*, 2009 WL 2952034 (D.N.J.

Sept. 14, 2009). Instead, the rule "extends to cases where there is a substantial overlap of the subject matter." *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 457 (E.D. Pa. 2013). Accordingly, "the critical substantive inquiry of the first-filed rule analysis is subject matter." *Id.*

The first-to-file rule permits a court to dismiss, stay, or transfer the later-filed action. *Wheaton Indus., Inc. v. Aalto Sci., Ltd.*, Civ. No. 12-6965, 2013 WL 4500321, at *2 (D.N.J. Aug. 21, 2013). In deciding whether to transfer a case pursuant to the rule, a court must consider the same factors applicable to a motion to transfer under 28 U.S.C. §1404(a). *Id.*; *see also Kulpinsky v. Innovairre Holding Company, LLC*, Civ. No. 21-770, 2021 WL 3732876, at *5 (D.N.J. Aug. 24, 2021). Under §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Third Circuit has provided an "extensive list of factors" that may be relevant to the question of whether to transfer venue. *In re Amendt*, 169 F. App'x 93, 96 (3d Cir. 2006) (listing factors).

Although exceptions to the first-to-file rule are rare, the doctrine "is not a rigid or inflexible rule to be mechanically applied." *Univ. of Pennsylvania*, 850 F.2d at 976. Recognized exceptions to the rule include (1) rare or extraordinary circumstances; (2) inequitable conduct; (3) bad faith; (4) forum shopping; (5) where the second-filed action has developed further than the initial suit; and (6) "when the first filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." *Id.* at 972, 976.

## DISCUSSION

### I. AUTHORITY TO RAISE THE ISSUE OF VENUE

Pursuant to the first-to-file rule, I will *sua sponte* transfer this action to the Northern District of Illinois for further proceedings. As discussed below in

more detail, this procedure will serve the purpose of efficiency and is "in the interest of justice." *See* 28 U.S.C. §1404(a). Further, I have the authority to direct such a *sua sponte* transfer pursuant to both the first-to-file rule and §1404(a). *See Inter City Tire & Auto Ctr., Inc. v. Michelin N. Am., Inc.*, Civ. No. 13-2590, 2013 WL 5567564, at *2 (D.N.J. Oct. 8, 2013) ("[T]he Court finds that the more prudent and practical approach is to transfer this action, *sua sponte*, to the South Carolina District Court, under the first-to-file rule."); *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011) (recognizing a federal district court's authority to direct the *sua sponte* transfer of a civil action to a different venue pursuant to 28 U.S.C. §1404(a)).

## II.   FIRST-TO-FILE RULE

Transfer of this action to the Northern District of Illinois is appropriate under a straightforward application of the first-to-file rule. To begin, the complaint in the Illinois lawsuit was filed a day before the complaint was filed in this case. In addition, both the Northern District of Illinois and the District of New Jersey have concurrent jurisdiction to hear this case.[2] *See Crosley Corp.*, 122 F.2d at 929.

---

[2] Diversity of citizenship jurisdiction is proper in both courts, as plaintiff and defendant are citizens of different states, (*see* ECF Nos. 11, 36), and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332(a). Further, the Northern District of Illinois will have personal jurisdiction over defendant. Courts assessing personal jurisdiction in tort cases traditionally examine whether the plaintiff has shown "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Liqui-Box Corp. v. Scholle IPN Corp.*, Civ. No. 19-4069, 2020 WL 5593755, at *6 (N.D. Ill. Sept. 18, 2020). Here, where plaintiff alleges that defendant defamed her and intentionally inflicted emotional distress while plaintiff lived and worked in Illinois, the test for personal jurisdiction is met. Moreover, forcing defendant to litigate the case in Illinois does not offend "traditional notions of fair play and substantial justice." *Id*. at *4.

Next, I find that "there is a substantial overlap of the subject matter" between the two lawsuits. *See Synthes, Inc.*, 978 F. Supp. 2d at 457. Although plaintiff named different defendants in each of the suits, the events giving rise to the legal claims are the same. *Compare* (Compl. ¶¶ 6–19), *with CVS Health*, Civ. No. 23-15429 (ECF No. 1 ¶¶ 6–19). In fact, the recitation of the factual allegations in each complaint appears identical, word for word. *Id*. Moreover, the causes of action in each complaint are substantially the same. Whereas plaintiff brings claims in the case before me for defamation, forgery, and intentional infliction of emotional distress, she brings those same claims plus a fourth for negligent infliction of emotional distress in the Illinois case. *CVS Health*, Civ. No. 23-15429 (ECF No. 1 ¶¶ 20–52). Accordingly, I find that the cases are "truly duplicative such that a determination in one action leaves little or nothing to be determined in the other." *See Nat'l Cas. Co.*, 2013 WL 2242653, at *1 n.4.

Obligated as I am to consider the factors applicable to a motion to transfer under 28 U.S.C. § 1404(a), *see Wheaton Indus., Inc.*, 2013 WL 4500321, at *2, I find those factors support transfer pursuant to the first-to-file rule. The factors that may be relevant to a court when deciding whether to transfer venue include:

> (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations that could expedite or simplify trial; (9) the level of court congestion in the two fora; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) in a diversity case, the familiarity of the two courts with state law.

*In re Amendt*, 169 F. App'x at 96 (internal quotation marks and citation omitted). Here, some considerations support keeping this action in New Jersey. For example, plaintiff choose to bring her claims here, defendant does not object to venue in New Jersey, (*see* ECF No. 42), and it would be more convenient for defendant, a citizen of New Jersey, for the action to proceed here.

However, those considerations are far outweighed by other factors that make the Northern District of Illinois the more appropriate venue for this action. Here, the most important factor is judicial efficiency and the avoidance of duplicative litigation. "Adjudicating almost identical issues in separate fora would waste judicial resources." *In re Amendt*, 169 F. App'x at 96. This is especially true given that the New Jersey and Illinois cases are in identical procedural postures: a motion to dismiss plaintiff's complaint is pending in both actions. (*See* ECF No. 13); *CVS Health*, Civ. No. 23-15429 (ECF No. 20). Consolidating the motions both avoids burdening the federal judiciary and prevents the judicial embarrassment of conflicting judgments. *See Univ. of Pennsylvania*, 850 F.2d at 977. Further, any inconvenience that transfer would cause to defendant is mitigated by the fact that her counsel also represents the defendants in the Illinois lawsuit. Besides these factors, Illinois clearly has an interest in adjudicating tort claims that allegedly injured one of its citizens. On the whole, transfer is "in the interest of justice." *See* 28 U.S.C. § 1404(a).

No exception to the first-to-file rule applies. The circumstances before the court are not extraordinary, nor is there evidence of inequitable conduct, bad faith, or forum shopping. *See id*. at 976. As discussed, the second-filed action in New Jersey has not proceeded further than the initial suit in Illinois: both are at the motion to dismiss stage. *See id*. Therefore, there is no equitable reason not to adhere to the first-to-file rule. *See id*. at 977.

## CONCLUSION

Accordingly, for the reasons stated above, defendant's motion to dismiss (ECF No. 13) is **DENIED without prejudice**. The case is **TRANSFERRED** to the Northern District of Illinois for further proceedings. An appropriate Order accompanies this Opinion.

                                              */s/ Edward S. Kiel*
                                              **EDWARD S. KIEL**
                                              UNITED STATES DISTRICT JUDGE

Dated: August 1, 2024